HIPÓLITO GUTIÉRREZ CASTRO, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP-62-15. Decided October 30, 1962.

*Hipólito Gutiérrez Castro,* pro se. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras,* and *Héctor R. Orlandi Gómez, Assistant Solicitors General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

In this case the trial court refused to set aside two sentences imposed on petitioner on January 28, 1953, one of two to five years' imprisonment in the penitentiary for violation of the Weapons Law and another of one to ten years' imprisonment in the penitentiary for theft, the minimums of sentences to run concurrently and the maximums consecutively. Petitioner alleged in the trial court that the judge had no legal faculty to pronounce sentences in the aforesaid

way; that, either he could pronounce them to be served concurrently, one with the other, or to be served consecutively, one after the other. This is the question raised in this petition for habeas corpus.

Act No. 108 of May 12, 1943, provides in its § 2 that on pronouncing sentence the judge may determine whether the prison term imposed therein is to be served consecutively or if on the contrary, said prison term shall be served concurrently with any other prison term or terms; and in its § 5 it established that when the court does not prescribe the manner in which the prison term imposed in any sentence should be served the same shall be served consecutively. Act No. 295 of April 10, 1946 as amended by Act No. 176 of May 4, 1949, established the indeterminate sentence and provided that except in case of life imprisonment, the courts shall pronounce indeterminate sentence without specific time limit, in no case less than the minimum term provided by law nor more than the maximum term; and that after the person has served the minimum term fixed by the trial court for the offense committed, he shall remain under the jurisdiction of the Parole Board.

██ As petitioner contends, there is nothing in those statutes, read together, which expressly authorizes the trial judge to pronounce sentences in which the minimums are concurrent and the maximums are consecutive. But considering that the judge was granted discretion to provide that the sentences be served either concurrently or consecutively, and in case he failed to do so, they would be understood by law to be consecutive, the modality used in this case is logically and evidently comprised within the discretion granted. Considering besides that once the minimum is served the convict is entitled to have his case considered by the Parole Board with a view to grant him conditional release, the formula referred to above is a modality created by the judges which flows from a sense of mercy in their desire to benefit the convict. There

can be no doubt that a sentence thus pronounced is more beneficial to the convict than if it had been pronounced to be served consecutively in its minimum as well as in its maximum, and on the other hand, there was nothing to force the judge to pronounce it concurrently in its maximum as well as in its minimum.

Aside from the fact that even if the sentence were erroneous, this Court could not alter it to place petitioner in a more disadvantageous position, inasmuch as in a new sentence the minimums could also be imposed consecutively, to set aside the sentence would not serve any purpose in view of the fact that by Act No. 117 of June 26, 1961 it was provided that in cases of persons sentenced to more than one indeterminate sentence, *whether they are to be served concurrently or consecutively*, the Parole Board shall acquire jurisdiction when the individual has served a prison term equal to the longest minimum. This provision is applicable to all those persons who were serving sentences when the same was adopted.

The judgment appealed from will be affirmed.